**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYESHA SWAIN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br> -against- <br><br> PRIMARK US CORP., <br><br> Defendant. | No: 1:23-cv-6368 <br><br> CLASS ACTION COMPLAINT |

Tyesha Swain ("Plaintiff"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to herself, and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1. This lawsuit seeks to recover underpayment caused by untimely wage payments and other damages for Plaintiff and similarly situated non-exempt hourly positions including but not limited to sale associates, retail assistants, and warehouse workers (collectively, "Hourly Workers") who work or have worked for Primark US Corp. ( "Primark" or "Defendant") in New York State.

2. Defendant, is and was, at all relevant times herein, registered to do business in New York and is a Delaware Foreign Business Corporation with its principal executive office in Boston, Massachusetts. Defendant operates retail stores in the City and State of New York and throughout the world. Primark has over 400 stores globally and continues to expand.

1

3. According to its website – corporate.primark.com – Primark is an international fashion retailer with more than 70,000 colleagues across 16 countries in Europe and the US.

4. In New York, Primark owns and operates a retail store located at 5100 Kings Plaza, Brooklyn, New York 11234.

5. Defendant owns and operates approximately six retail stores within the state of New York.

6. At all relevant times, Defendant compensated Plaintiff and all other Hourly Workers in New York on a bi-weekly basis.

7. Despite being manual workers, Defendant has failed to properly pay Plaintiff and other Hourly Workers in New York their wages within seven calendar days after the end of the week in which these wages were earned.

8. In this regard, Defendant has failed to provide timely wages to Plaintiff and all other similarly situated Hourly Workers in New York.

9. Manual Workers as contemplated by NYLL § 191 are "dependent upon their wages for sustenance." *See People v. Vetri*, 309 N.Y. 401, 405 (1955).

10. As such, the failure to provide wages owed to Plaintiff and all other similarly situated Hourly Workers, according to NYLL § 191 constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019).

11. Plaintiff brings this action on behalf of herself and all other similarly situated Hourly Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §191 *et seq.* ("NYLL").

## THE PARTIES

**Plaintiff**

**Tyesha Swain**

12. Tyesha Swain ("Swain") is an adult individual who is a resident of the State of New York.

13. Swain was employed by Primark as a sales associate – a Hourly Worker – at their Kings Plaza, New York retail store from approximately May 2022 to August 2023.

14. Swain is a covered employee within the meaning of the NYLL.

**Defendant**

**Primark US Corp.**

15. Primark is a foreign business corporation organized and existing under the laws of Delaware.

16. Primark's principal office and corporate headquarters is located at 101 Arch St., Suite 300, Boston, Massachusetts 02110. Its service of process address listed in the New York State Department of State is Primark US Corp. 28 Liberty Street, New York, NY, 10005.

17. Primark was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

18. Primark has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

19. Primark applies the same employment policies, practices, and procedures to all Hourly Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

20. Based upon corporate disclosure statements in other litigation, Primark admitted to

being an indirect wholly-owned subsidiary of British Foods plc, a publicly traded company on the London Stock Exchange.

## JURISDICTION AND VENUE

21. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of the Defendant.

22. There are over 100 members in the proposed class.

23. Defendant is subject to personal jurisdiction in New York.

24. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## NEW YORK CLASS ACTION ALLEGATIONS

25. Plaintiff brings the First Cause of Action, a NYLL claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as Hourly Workers for Primark in New York between August 24 2017, and the date of final judgment in this matter (the "New York Class").

26. The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

27. There are more than 100 members of the New York Class.

28. Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each

4

member of the New York Class in separate actions.

29. Plaintiff and the New York Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

30. Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

31. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

33. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

> (a) whether Defendant correctly compensated Plaintiff and the New York Class on a timely basis.

## PLAINTIFF'S FACTUAL ALLEGATIONS

34. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Tyesha Swain**

35. Swain was employed as a sales associate at Defendant's retail store located in Brooklyn, New York from approximately May 2022 to August 2023.

36. During her employment, Swain was a non-exempt worker paid on an hourly basis.

37. Furthermore, during her employment, over twenty-five percent of Swain's duties were physical tasks, including but not limited to: 1) folding clothes, 2) unpacking boxes, 3) restocking and organizing the store and stockroom with clothes and shoes, 4) putting clothes on hangers, 5) cleaning up fitting rooms and floor, and 6) removing tags and retagging items.

38. Despite regularly spending more than twenty-five percent of her shift performing these physical tasks, Swain was compensated by Defendant on a bi-weekly basis.

39. For example, for the week beginning on April 16, 2023 and ending on April 22, 2023, Defendant paid Swain her lawfully earned wages on May 5, 2023. *See* **Exhibit A**, Swain's Paystub.

40. Defendant failed to pay Swain wages earned from April 16, 2023 through April 22, 2023 by April 29, 2023, as required by NYLL § 191(1)(a).

41. As a result of Defendant's untimely wage payments, Swain was underpaid for the period of April 22, 2023 through April 29, 2023, and for every corresponding period where Defendant paid her on an untimely basis.

42. Moreover, Plaintiff was denied the time-value of her money by Defendant's underpayments. Plaintiff was unable to invest, save, or purchase utilizing the wages she earned

and was owed by April 29, 2023, respectively, and all other similarly underpaid workweeks.

## FIRST CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
### (Brought on behalf of Plaintiff and the New York Class)

43. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

44. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the New York Class.

45. Defendant failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a), which resulted in Plaintiff and the New York Class being underpaid.

46. Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiff as representatives of the New York Class and counsel of record as Class Counsel;

C. Liquidated damages in the amount of the untimely wage payments pursuant to the NYLL;

D. Prejudgment and post-judgment interest;

E. Reasonable attorneys' fees and costs of the action; and

F. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
August 24, 2023

Respectfully submitted,

/s/ Brian S. Schaffer
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and
the Putative Class*